UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARNOLD McCALLON | CIVIL ACTION |
| VERSUS | NO. 09-0244 |
| TRAVELER'S FLOOD PROGRAM | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment (Rec. Doc. 13) filed by Defendant, The Standard Fire Insurance Company ("Standard Fire").[1] Plaintiff, Arnold McCallon, has opposed the motion. (R. Doc. 15). Considering the law and the parties' submissions, **IT IS ORDERED** that the motion is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff filed an amended complaint on January 23, 2009, seeking to recover additional insurance proceeds under Standard Flood Insurance Policy ("SFIP") Number

---

[1] Standard Fire is identified in Plaintiff's amended complaint as "Traveler's Flood Program." The Standard Flood Insurance Policy issue in this matter and "Traveler's Flood Program," however, are administered by Standard Fire. Accordingly, Standard Fire has entered an appearance in this matter.

6002837745.² The policy, issued under the National Flood Insurance Program ("NFIP"), insured Plaintiff's property at 4725 Western Street, New Orleans, Louisiana, from February 10, 2005, until February 10, 2006. (R. Doc. 1).

On August 29, 2005, Plaintiff's property incurred damage as a result of Hurricane Katrina. (Rec. Doc. 1). Between December 2, 2005, and December 19, 2005, Defendant paid Plaintiff $109,429.88 in accordance with the report prepared by the adjuster's report. (Rec. Doc. 13-4, ¶ 9-10). In the instant suit, Plaintiff seeks to recover additional compensation under the terms of his policy. Defendant, Standard Fire, seeks summary judgment in its favor, arguing that Plaintiff did not satisfy the SFIP's proof of loss requirements.

## **ANALYSIS**

Plaintiff contends that he submitted a sworn proof of loss ("POL") to Defendant on or around August 24, 2006. *See* R. Docs. 15-5 and 25-2. Disagreeing with this assertion, Defendant additionally argues that the referenced form does not satisfy the SFIP requirements set forth in 44. C.F.R. § 61, App. A(1), Art. VII. (J)(3) and(4). Thus, Defendant seeks summary judgment in its favor.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of

---

² This matter originally was part of an omnibus petition filed against multiple carriers in Civil Action 06-4746. *See* R. Doc. 1. Thereafter, as ordered by Judge Duval, Plaintiff filed the amended complaint that presently is before the Court. *Id.*

evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to satisfy the burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).

Even assuming that Plaintiff timely submitted the referenced POL form to Defendant, the Court nevertheless finds that he did not satisfy the strict pre-suit requirements under the NFIP. *See* 44 C.F.R. § 61, App. A(1), Art. VII. (J)(3) and (4). Although Plaintiff's POL contains some of the necessary information, including his name, his interest in the property, the date and total value of loss, and the net claimed amount, it does not contain specifications of damaged buildings and repair estimates. Nor has Plaintiff shown that supporting documentation accompanied the form or was submitted prior to his filing suit. Under the stringent requirements of the NFIP, merely submitting a POL with the total amount claimed under the policy is not sufficient. Accordingly, Plaintiff's claims are properly dismissed under the controlling statutes, regulations, and jurisprudence. *See, e.g., Trosclair v. State Farm Fire Ins. and Cas. Co.,* Civil Action No. 07-4616, 2008 WL 5157715, *2-3 (E.D. La. 12/09/08)(Engelhardt, J.)(discussing requirements for properly supported proof of loss under SFIP); *Naghi d/b/a Naghi's v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-4498, 2008 WL 4427216, *1 (E.D. La. 9/25/08) (Engelhardt, J.) (same); *Otallah v. State Farm Fire and Cas. Ins. Co.*, Civil Action No. 07-5183, 2008 WL 3539667,*3-5 (E.D. La. 7/31/08)(Berrigan, J)(lack of verifying documentation rendered proof of loss submission deficient); *Wells v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 06-5381, 2008 WL 2781539, *3 (E.D. La. 7/14/08)(Duval, J.)(belated repair estimate and damaged contents list did not cure pre-suit failure to submit adequate documentation); *Eichaker v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-

4485, 2008 WL 2308959, *3-4 (E.D. La. 6/3/08) (Africk, J.)(explaining insurer's need for information verifying amounts claimed in proof of loss form).

## **CONCLUSION**

On the showing made, the Court finds that no triable issue of fact exists with respect to Plaintiff's satisfaction of the pre-suit proof of loss requirements of the National Flood Insurance Program. Accordingly, given controlling legal principles, **IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of January 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**